**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVE CARLOS BURKE,

Petitioner,

v. No. 26-cv-1693-SMD-JMR

D.H.S/ICE, *et al.*,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court following Petitioner's failure to prosecute his *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) (Petition). In his Petition, Petitioner states he is in immigration custody at the Otero County Processing Center in New Mexico. By an Order to Show Cause entered June 1, 2026, the Court noted that the U.S. Immigration and Customs Enforcement (ICE) inmate locator website reflects Petitioner was detained at the Central Louisiana ICE Processing Center. *See* (Doc. 3) (citing https://locator.ice.gov/odls/#/details). The Court directed Petitioner to clarify where he is detained within thirty days. The Clerk's Office mailed the Order to Petitioner at both the Otero County Processing Center and the Central Louisiana ICE Processing Center, and the Order warns that failure to timely comply may result in dismissal of this action without further notice. *See id*.

The deadline to comply with the Order to Show Cause was July 1, 2026. Petitioner did not comply, show cause for such failure, or otherwise respond to the Order, which was returned as undeliverable. *See* (Docs. 4-8) (stating Petitioner has "Departed"). The ICE detainee locator website confirms that Petitioner is no longer in immigration custody. *See*

https://locator.ice.gov/odls/#/results. Accordingly, the Court will dismiss the Petition as moot and without prejudice pursuant to Fed. R. Civ. P. 41(b) "for failure to prosecute [and] comply with [civil rules and] court orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (concluding Section 2241 claims are generally moot after petitioner's release or removal). To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to prosecute is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment . . . debatable or wrong"); *DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41(b)).

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED** without prejudice and as moot; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing this civil case.

**IT IS SO ORDERED**.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE